UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 SAMUEL DAVIS,
D-2 DESMOND MINETEE,

    Defendants.
                                 /

Case No. 15-20564

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT II OF THE INDICTMENT [16]**

Defendant Desmond Minetee has been charged in a two-count indictment with carjacking, 18 U.S.C. § 2119 (Count I), and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (Count II). The Indictment identifies carjacking as the underlying "crime of violence" in support of Count II. Minetee now seeks an order dismissing Count II on the basis that carjacking categorically fails to qualify as a "crime of violence" under § 924(c). This is so, he contends, because carjacking may be accomplished without the use or threatened use of physical force. For the reasons stated more fully below, the Court finds that carjacking by intimidation is also a crime of violence. Accordingly, Minetee's motion to dismiss Count II must be, and is, DENIED. [16]

**I. ANALYSIS**

Count II of the Indictment charges Minetee with using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Under section 924(c), a "crime of violence" means, in relevant part, "any crime punishable by imprisonment for a term exceeding one year" that "(A) has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another."[1] *Id.* at § 924(c)(3)(A) (emphasis added). Subsection "A" of this definition is commonly referred to as to the "force clause." In *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), the Supreme Court, construing the Armed Career Criminal Act ("ACCA"), held that "in the context of a statutory definition of *'violent* felony,' the phrase 'physical force' means *violent* force–that is, force capable of causing pain or injury to another person." *Id.* at 140 (quoting 18 U.S.C. § 924(e)(2)(B)). To qualify as a crime of violence under the force clause, then, "a predicate offense must have, as an element, the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person." *United States v. Cruz-Rivera*, No. 3:15-CR-00486 JAF, 2015 WL 6394416, *1 (D.P.R. Oct. 21, 2015).

The Government has identified carjacking as the predicate "crime of violence" in support of Count II. Under the federal carjacking statute, "[w]hoever, with the intent to

---

[1] Under § 924(c)(3)(B), a "crime of violence" is alternatively defined as any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Minetee argues that subsection "B" is unconstitutionally vague because it invites arbitrary enforcement. While the Court disagrees with this proposition for a number of reasons–principal among them the structural and language differences between subsection B and the Armed Career Criminal Act (at issue in *Johnson*)–it need not address this argument in light of its conclusion that carjacking meets the statutory definition of a crime of violence under the force clause.

cause death or serious bodily harm[,] takes a motor vehicle . . . from the presence of another by force and violence *or* by intimidation, . . . shall" be punished. 18 U.S.C. § 2119 (emphasis added). In determining whether a predicate offense qualifies as a "crime of violence", the Sixth Circuit generally applies a "categorical approach" and examines "the statutory definition of the offense and not the particular facts underlying the conviction." *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010). As the Supreme Court has recognized, however, there are a "narrow range of cases' where the [] court would have to look beyond the statutory elements to effectuate the categorical approach because the statute includes 'alternative elements.' " *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2283–84, 186 L.Ed.2d 438 (2013). In these instances, *Descamps* instructs the lower courts to "use the modified approach [] to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.* at 2293. Under the modified approach, "the Court may consult certain documents, including the [] indictment, to determine which of the two alternatives of the carjacking statute is at issue . . . the taking of a car 'by intimidation' or the taking of a car 'by force and violence.' " *United States v. Woodley*, No. 15-CR-20007, 2015 WL 7770859, *2 (E.D. Mich. Dec. 3, 2015) (concluding that "section 2119 is a divisible statute as to which the modified categorical approach is applicable.").

While the Court finds *Woodley's* reasoning persuasive, it need not consider the utility of the modified approach here for two reasons. First, there is no question that, a review of the Indictment establishes that Minetee is charged with taking a car "by force and violence *and* intimidation." (Dkt. 10, Indictment at 1) (emphasis added). In other words, as *Woodley* points out, "by using 'and' not 'or,' the Government has elected to try to convince a jury that

3

[Minetee] helped take a car by using "force and violence." 2015 WL 7770859, at *2. Accordingly, the Court "would be compelled to find that the by-force-and-violence version of the carjacking statute at issue is a crime of violence." *Id.* In this way, the modified approach only stands to benefit the Government- but its argument revolves around the more stringent categorical approach. Indeed, neither party has raised the prospect of considering the language of the Indictment to resolve the question before the Court. More practically, however, whether the carjacking statute is divisible or indivisible–and thus subject to the modified approach–is, in this Court's view, of no consequence. This is so because "[a]t the very least, carjacking by intimidation involves the threat of physical force." *Cruz-Rivera*, 2015 WL 6394416, *3.

Indeed, even considering only the most innocent conduct penalized under the statute–carjacking by intimidation–the jury must find that Minetee's "threats were actual rather than empty, and that they were indicative of his conditional intent to seriously harm or kill his victims." *United States v. Adams*, 265 F.3d 420, 424 (6th Cir. 2001). As the Sixth Circuit has made clear, this is significant because the Government must "show evidence of the specific mental culpability at issue in order to satisfy § 2119's specific-intent requirement." *United States v. Fekete*, 535 F.3d 471, 476 (6th Cir. 2008) (citing *United States v. Kimes*, 246 F.3d 800, 807 (6th Cir. 2001) ("[A] general intent crime requires the knowing commission of an act that the law makes a crime. A specific intent crime requires additional 'bad purpose.' "). In other words, "regardless of whether the carjacker obtains the car through force or violence or through intimidation, . . . the defendant must possess the specific intent to cause 'death or serious bodily harm.' " *Id.* (citations omitted). Thus, as the court reasoned in *Cruz-Rivera*, under section 2119, "an intimidating threat involves,

4

at a minimum, a threat to use force to cause injury. And, the threatened causal agent must be physical force. After all, 'the knowing or intentional causation of bodily injury necessarily involves the use of physical force.' " 2015 WL 6394416, *3 (citing *United States v. Castleman*, ––– U.S. –––, 134 S.Ct. 1405, 1414, 188 L.Ed.2d 426 (2014).

Nor does it matter, as Minetee suggests, that an individual can cause bodily harm without the use of physical force. *See* (Def.'s Br. 10) ("a defendant can place another in fear of bodily harm by threatening to poison that person if he does not turn over his car to the defendant, [or] to release hazardous chemicals into the car . . . . ). In fact, the Sixth Circuit specifically rejected this argument–albeit in a slightly different context–in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012). There, the court was tasked with determining whether a prior conviction under Ohio's aggravated assault statute constituted a "violent felony" for purposes of triggering the ACCA's three-strikes provision. Significantly, under the ACCA, a "violent felony" is defined as "any crime . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person . . . ." 18 U.S.C. § 924(e)(2)(B)(I). In this way, a "violent felony" and a "crime of violence" are nearly indistinguishable.

As in this case, the defendant in *Anderson* argued that, because Ohio's aggravated assault statute did not contain a stand-alone physical force element–only a requirement that the defendant knowingly caused physical *harm*–it did not qualify as a "violent felony" under § 924(e). Embracing the approach adopted by the Seventh and Third Circuits, the court held that where, as here, the statute in question "requires proof of serious physical harm . . . [it] necessarily requires proof that the defendant used 'force capable of causing physical pain or injury.' " *Id.* at 400 (citations omitted). As such, "it does not matter that the

5

Ohio statute . . . does not contain a . . . physical force element because proof of serious physical injury . . . requires proof of violent physical force." *Id.* at 401.

Extrapolation of the court's reasoning in *Anderson* to the carjacking statute compels a similar result. Indeed, as discussed, the Government must prove that Minetee acted "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. Under the force clause, the predicate "crime of violence" must contain an element of "physical force" which the Supreme Court has defined as "force *capable* of causing physical pain or injury to another person . . . ." *Castleman*, 134 S.Ct. 1405, 1416 (emphasis added) (citing *Johnson v. United States,* ⎯⎯ U.S. ⎯⎯, 130 S.Ct. 1265, 1270-72, 176 L.Ed.2d 1 (2010). Contrary to Minetee's argument, "physical force" under section 924(c) takes on a much broader meaning. In fact, as *Castleman* makes clear, "it is impossible to cause bodily injury without applying force in the common-law sense." *Id.* at 1415. At the very least, then, carjacking by intimidation–which requires the defendant to demonstrate a willingness "to seriously harm or kill the [victim] if necessary to steal the car"–involves the threatened use of physical force. *Holloway v. United States*, 526 U.S. 1, 12, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999).

Finally, Minetee argues that, "similar to a doctor who deliberately withholds vital medicine from a sick patient", a defendant could, in theory, be convicted of carjacking by intimidation for injury caused by "guile, deception, or even deliberate omission." (Def.'s Br. 8). Here again, however, Minetee misses a fundamental point; namely, that "intimidation" under the carjacking statute requires "an act knowingly and deliberately done . . . that would produce such a reaction or such *fear of bodily harm* in a reasonable person." Fed. Jury Pract. & Instr. § 58:04 (6th ed.) ("By force, and violence, or by intimidation"- Defined)

(emphasis added).  Without some indication that the threat is "calculated to create the impression that any resistance or defiance . . . [will] be met with force", there is simply no basis to charge a defendant with carjacking by intimidation.  *United States v. Jones,* 932 F.2d 624, 625 (7th Cir. 1991) (concluding that "intimidation" as used under the federal bank robbery statute constitutes a "crime of violence".)  Indeed, Minetee fails to provide a single example of a scenario under which a defendant could successfully be convicted of carjacking through means of guile or deliberate omission.

## II.   CONCLUSION

Accordingly, the Court finds that carjacking, whether by force or by intimidation, is categorically a crime of violence for purposes of 18 U.S.C. § 924(c).


SO ORDERED.

       s/Nancy G. Edmunds  
       Nancy G. Edmunds  
       United States District Judge

Dated:  December 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2015, by electronic and/or ordinary mail.

       s/Carol J. Bethel  
       Case Manager